No. 21-2416

# In the United States Court of Appeals for the Seventh Circuit

──────────

RAY O. CROWELL, JR.,
PETITIONER-APPELLANT,

*v.*

MARK R. SEVIER,
RESPONDENT-APPELLEE.

──────────

*APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION*

*CASE NO. 1:20-CV-01450-RLY-MJD
THE HONORABLE RICHARD L. YOUNG*

──────────

## OPENING BRIEF OF PETITIONER-APPELLANT

CHARLES B. KLEIN
WINSTON & STRAWN LLP
1901 L STREET NW
WASHINGTON, D.C. 20036
(202) 282-5000

PATRICK J. BANNON
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700

*Attorneys for Petitioner-Appellant*

## CIRCUIT RULE 35 DISCLOSURE STATEMENT

Appellate Court No.: **21-2416**
Short Caption: **Crowell v. Sevier**

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing the item #3):

**Ray O. Crowell, Jr.**

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

**WINSTON & STRAWN LLP**

(3)     If the party or amicus is a corporation:

(i)     Identify all its parent corporations, if any; and

**N/A**

(ii)     List any publicly held company that owns 10% or more of the party's or amicus' stock:

**N/A**

Attorney's Signature:    /s/ *Patrick J. Bannon*                 Date: December 23, 2022

Attorney's Printed Name: **Patrick J. Bannon**

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).     **Yes**

Address:        Winston & Strawn LLP
                200 Park Avenue
                New York, NY 10166
Phone Number:   (212) 294-6700
Fax Number:     (212) 294-6800
Email:          pbannon@winston.com

2

## CIRCUIT RULE 35 DISCLOSURE STATEMENT

Appellate Court No.: **21-2416**
Short Caption: **Crowell v. Sevier**

(4)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing the item #3):

**Ray O. Crowell, Jr.**

(5)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

**WINSTON & STRAWN LLP**

(6)    If the party or amicus is a corporation:

(iii)    Identify all its parent corporations, if any; and

**N/A**

(iv)    List any publicly held company that owns 10% or more of the party's or amicus' stock:

**N/A**

Attorney's Signature: _/s/ Charles B. Klein_    Date: December 23, 2022

Attorney's Printed Name: **Charles B. Klein**

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes**

Address:           Winston & Strawn LLP
                    1901 L Street NW
                    Washington, D.C. 20036
Phone Number:   (202) 282-5000
Fax Number:     (202) 282-5100
Email:            cklein@winston.com

TABLE OF CONTENT

JURISDICTIONAL STATEMENT ................................................................ 7

INTRODUCTION AND ISSUES PRESENTED ...................................... 7

STATEMENT OF THE CASE ..................................................................... 8

STANDARD OF REVIEW ......................................................................... 14

SUMMARY OF THE ARGUMENT ........................................................ 14

ARGUMENT ................................................................................................ 15

I.     This Court's precedent warrants reversal and remand under *Strickland* because counsel failed to raise statute of limitations defenses that prejudiced Crowell ............................................................................................................. 16

     A.     Counsel's performance fell below the objective standard of reasonableness required by *Strickland*'s "performance prong." ............ 16

     B.     Counsel's deficient performance prejudiced Crowell. ............................. 21

II.     Other Circuits similarly hold that a failure to raise affirmative defenses constitutes ineffective assistance under *Strickland*. ...................................... 26

CONCLUSION ........................................................................................... 29

CERTIFICATE OF COMPLIANCE ...................................................... 30

CERTIFICATE OF SERVICE ................................................................. 31

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Neven,*
　797 F. App'x 293 (9th Cir. 2019) ........................................................................ 27

*Campbell v. Reardon,*
　780 F.3d 752 (7th Cir. 2015) .............................................................................. 13

*Cullen v. Pinholster,*
　563 U.S. 170 (2011) ............................................................................................ 13

*DeBartolo v. United States,*
　790 F.3d 775 (7th Cir. 2015) ........................................................................ 21, 25

*United States ex rel. Hampton v. Leibach,*
　347 F.3d 219 (7th Cir. 2003) ........................................................................ 14, 15

*Harris v. Thompson,*
　698 F.3d 609 (7th Cir. 2012) .............................................................................. 14

*Hicks v. Hepp,*
　871 F.3d 513 (7th Cir. 2017) .............................................................................. 13

*Hill v. Lockhart,*
　474 U.S. 52 (1985) ........................................................................................ 21, 25

*Jones v. Zatecky,*
　917 F.3d 578 (7th Cir. 2019) ........................................................................*passim*

*Julian v. Bartley,*
　495 F.3d 487 (7th Cir. 2007) ........................................................................ 19, 21

*Lafler v. Cooper,*
　566 U.S. 156 (2012) ...................................................................................... 15, 21

*Lee v. United States,*
　137 S. Ct. 1958 (2017) ............................................................................ 21, 24, 25

*Moore v. Bryant,*
　348 F.3d 238 (7th Cir. 2003) ........................................................................ 19, 20

*Pidgeon v. Smith,*
　785 F.3d 1165 (7th Cir. 2015) .................................................................. 21, 25, 26

*Shaw v. Wilson,*
   721 F.3d 908 (7th Cir. 2013) ................................................................ 16, 18, 19

*Strickland v. Washington,*
   466 U.S. 668 (1984) .................................................................*passim*

*United States v. Hansel,*
   70 F.3d 6 (2d Cir. 1995)......................................................................... 27

*United States v. Mooney,*
   497 F.3d 397 (4th Cir. 2007) .......................................................... 26, 27

**Statutes**

28 U.S.C. § 1291 ....................................................................................... 7

28 U.S.C. § 2253 ..................................................................................... 13

28 U.S.C. § 2253(a) .................................................................................. 7

28 U.S.C. § 2253(c) .................................................................................. 7

28 U.S.C. § 2254 ................................................................................. 7, 13

**Other Authorities**

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.
   L. No. 104-132, 110 Stat. 1214 (1996) .................................................... 13

Fed. R. App. P. 4(a)(4)(A) .......................................................................... 7

Fed. R. App. P. 22(b)(1) ............................................................................. 7

## JURISDICTIONAL STATEMENT

The district court had jurisdiction under 28 U.S.C. § 2254 because this case involves a state prisoner's petition for a writ of habeas corpus. This Court has jurisdiction over its final judgment under 28 U.S.C. §§ 1291 and 2253(a). The district court entered judgment on July 6, 2021. The notice of appeal was timely filed on July 26, 2021 (*see* Fed. R. App. P. 4(a)(4)(A)), and this Court issued a certificate of appealability on April 5, 2022. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1).

## INTRODUCTION AND ISSUES PRESENTED

On September 15, 2015, the State of Indiana charged Ray O. Crowell, Jr. with thirteen felony counts, including child molesting, sex with a minor, sexual misconduct with a minor, and incest. A115; A177. After the state court denied Crowell's motion to terminate his appointed counsel, Crowell pleaded guilty to three of those counts; the others were dismissed. A216; A211-12. Critically, trial counsel never advised Crowell, or raised with the prosecution, that six of the charged counts, including one of the counts to which he pleaded guilty, were undisputedly time-barred by the statute of limitations. A182-83; A003.

Crowell sought post-conviction relief arguing, among other things, that trial counsel's failure to advise him as to the statute of limitations constituted ineffective assistance of counsel in violation of the Sixth Amendment. A188. After the state courts denied this requested relief, Crowell sought relief under 28 U.S.C. § 2254. A034-50. The district court denied his petition and a certificate of appealability. A001; A010.

This Court then granted Crowell's certificate of appealability, finding that he "made a substantial showing" of ineffective assistance of counsel:

> After reviewing the district court's order and the record, *we find that Crowell has made a substantial showing of the denial of his right to effective counsel under the Sixth Amendment.* Reasonable jurists could debate whether Crowell's counsel performed deficiently by not recognizing, in plea negotiations, that six of thirteen charged crimes were barred by the statute of limitations. Also debatable is the question whether Crowell has shown a reasonable probability that he would have gone to trial had he been properly advised about his sentencing exposure in light of the limitation period.

A017 (emphasis added) (citation omitted). For the reasons that follow, this Court should reverse the district court's decision and remand the case with instructions to grant Crowell a writ of habeas corpus.

## STATEMENT OF THE CASE

On September 28, 2015, the State of Indiana charged Crowell with thirteen counts—including four counts of Class A felony child molesting (Counts I-IV), four counts of Class B felony sexual misconduct with a minor (Counts V-VII), one count of Class C felony incest (Count XI), two counts of Level 5 felony incest (Counts X-XI), one count of Class C felony child molesting (Count XII), and one count of Class C felony sexual misconduct with a minor (Count XIII). A115. Crowell was appointed counsel, who proceeded to miss a significant flaw in the prosecution's case. There is no dispute that counsel failed to inform Crowell that six of the thirteen counts with which he was charged, and one of the three counts to which he later pleaded guilty, were barred by the statute of limitations. A182-83; A003. Crowell "would not have

plead[ed guilty] to a time-barred count," and "would have went to trial" had he been properly advised as to the statute of limitations defense available to him. A043.

Crowell's concerns with appointed counsel came to light during a miscellaneous motions hearing before the state court on February 18, 2016, in which Crowell sought permission to address the court directly. A213-223. Crowell informed the court that he wanted to terminate his appointed counsel's representation, stating that he believed counsel had provided false statements to him regarding his ex-wife and son. A216. Specifically, counsel had informed Crowell that his ex-wife and son were planning to testify for the prosecution, a statement Crowell believed to be false. *Id*. Crowell suspected that this false information was designed to encourage him to take a plea deal. *Id*. While counsel maintained that the information he provided had come from discussions with the prosecution and assured the court that he had not misrepresented anything to Crowell or urged him to forego his right to trial, Crowell still believed counsel had given him untrue information. A216-17; A187.

Without directing any questions to Crowell himself, the court quickly denied his motion to terminate his appointed counsel, stating that counsel was competent. A217. The court also suggested that Crowell's request "seem[ed] a little convenient," given that his trial was set for the following week. *Id*. The court informed Crowell he could plead guilty, but he was also entitled to a trial by jury if he so chose. *Id*. Crowell said he was "not pleading." *Id*.

Before trial, however, on February 22, 2016, the State and Crowell reached a plea agreement. A211-212. Crowell agreed to plead guilty to one Class A felony, one

Class B felony, and one Class C felony. *Id*. Under the terms of the plea agreement, Crowell would receive a fixed sentence of 30 years for the Class A felony, with 24 years executed in the Indiana Department of Correction and six years suspended to probation, and concurrent terms of 20 years for the Class B felony conviction and eight years for the Class C felony conviction. *Id*. In exchange, the State agreed to dismiss the remaining ten counts, including three Class A felony charges, three Class B felony charges, two Class C felony charges, and two Level 5 felony charges. *Id*. Following a hearing on March 28, 2016, the court accepted the plea agreement and sentenced Crowell pursuant to the terms of the agreement. A196-210. At no time before the court accepted Crowell's plea agreement did counsel advise him that six of the counts with which he was charged—including the Class B felony count to which he pleaded guilty—were barred by the statute of limitations. A182-83; A003

On February 3, 2017, Crowell filed a pro se petition for post-conviction relief ("PCR Petition"), which he amended on August 30, 2018. A186. Crowell argued that counsel rendered ineffective assistance by failing to advise him that all four of the Class B felony counts and two of the Class C felony counts with which he was charged were barred by the statute of limitations. A188. Crowell also argued that counsel was ineffective by creating a conflict of interest and by failing to investigate evidence helpful to the defense. Crowell contended that counsel created this conflict of interest by telling him that his ex-wife and son were working with the prosecution, something he believed to be untrue. A187. At the time, Crowell did not believe that anyone from the prosecution had spoken to his ex-wife and son. *Id*. Regarding the failure to

investigate, Crowell believed that counsel had only contacted two of the six potential witnesses he had identified. A187-88. Crowell also argued that the trial court abused its discretion in failing to hold a hearing on the alleged conflict of interest. Crowell asked the court to issue subpoenas for his son, ex-wife, and trial counsel to testify at an evidentiary hearing. A188. The Indiana Superior Court ("PCR Court"), however, denied Crowell's request for a hearing on the conflict-of-interest claim. A178. On September 4, 2018, Crowell submitted his case by affidavit. *Id.*

On May 22, 2019, the PCR Court the denied Crowell's PCR Petition. A177-185. While the court denied the petition, the court acknowledged that Crowell had identified a genuine issue with respect to his first argument—that counsel had failed to inform him that six of the thirteen counts with which he was charged were time-barred. A182. The court nevertheless rejected Crowell's ineffective assistance of counsel claim because the plea agreement "provided for a much shorter aggregate sentence," and Crowell did not show that he was prejudiced by counsel's failure to give him accurate advice. A183.

Crowell appealed the denial of his PCR Petition, again arguing that counsel was ineffective for failing to advise him of the time-barred charges and failing to assert a statute of limitations defense to those charges. A146. The Indiana Court of Appeals affirmed the denial of his PCR Petition. A114-127. The Court of Appeals did not address whether the failure to advise as to the time-barred charges or to raise a statute of limitations defense constituted deficient performance on the part of Crowell's counsel. Instead, the court affirmed because Crowell had "advanced no

11

special circumstances to support his claim that, had [counsel] advised him differently, [he] would have rejected the plea agreement as to the non-time-barred counts." A121. The Court of Appeals denied his pro se petition for rehearing, and the Indiana Supreme Court denied his pro se petition to transfer on April 16, 2020.

On May 20, 2020, Crowell filed a pro se petition for a writ of habeas corpus in United States District Court for the Southern District of Indiana. A034-50. Crowell again claimed he was denied effective assistance of counsel because counsel failed to advise him of the six time-barred charges and failed to raise a statute of limitations defense.[1] A041-43. Crowell contended that his choice to proceed with a plea agreement was motivated by a "fear of going to trial the following day" while still being represented by appointed counsel. A039. Crowell believed, as he told the court in the February 18, 2016 hearing, that counsel had not been truthful with him regarding his ex-wife's and son's involvement in the prosecution's case and he further believed, as he raised in his PCR Petition and subsequent appeal, that counsel had not conducted sufficient investigation into the witnesses he identified. Crowell asserted that "he would have proceeded to trial" if he had "been given a competent attorney." A038-39; A045.

---

[1] Crowell also argued that counsel created a conflict of interest by telling him his ex-wife and son were cooperating with the prosecution and failing to investigate the case by contacting the witnesses Crowell had identified. The court dismissed these claims, characterizing Crowell's conflict-of-interest claim as "really just a disagreement," finding that Crowell had not exhausted his state court remedies with respect to his failure to investigate claim because he did not raise them in his appeal to the Indiana Court of Appeals. A038-39; A045; A009-11.

On July 6, 2021, the district court denied Crowell's pro se petition for a writ of habeas corpus. A0101. Without addressing counsel's performance at all, the court held that Crowell had not "demonstrate[d] prejudice from counsel's failure to advise him about the time-barred charges," as "counsel's errors likely had very little impact on Mr. Crowell's decision to plead guilty." A008. Accordingly, the court denied Crowell's habeas petition in its entirety and denied a certificate of appealability, concluding that "[n]o reasonable jurist could conclude that Mr. Crowell is entitled to relief on any of the issues he raised in his petition." A011.

On July 26, 2021, Crowell filed a pro se notice of appeal with this Court, which the Court construed as an application for a certificate of appealability pursuant to 28 U.S.C. § 2253. A018. Once again, Crowell contended, among other things, that counsel was ineffective for failing to advise him as to the time-barred charges. A019. As noted above, this Court granted a certificate of appealability that found Crowell had "made a substantial showing of the denial of his right to effective counsel under the Sixth Amendment":

> After reviewing the district court's order and the record, we find that Crowell has made a substantial showing of the denial of his right to effective counsel under the Sixth Amendment. *See id*. § 2253(c)(2). Reasonable jurists could debate whether Crowell's counsel performed deficiently by not recognizing, in plea negotiations, that six of thirteen charged crimes were barred by the statute of limitations. Also debatable is the question whether Crowell has shown a reasonable probability that he would have gone to trial had he been properly advised about his sentencing exposure in light of the limitation period.

13

A017. The Court appointed the undersigned counsel to represent Crowell in this appeal.

## STANDARD OF REVIEW

This Court "review[s] a district court's denial of habeas relief *de novo*, and its factual findings for clear error." *Hicks v. Hepp*, 871 F.3d 513, 525 (7th Cir. 2017). Review of a § 2254 petition—except for questions the state post-conviction court did not reach, which are also reviewed *de novo*, *Campbell v. Reardon*, 780 F.3d 752, 762 (7th Cir. 2015)—is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Hicks*, 871 F.3d at 524. The AEDPA standard is "difficult to meet" and "highly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations omitted). But a federal court of appeals may grant a habeas petition "if a state court's ruling on a federal constitutional question 'was contrary to, or involved an unreasonable application of, clearly established Federal law.'" *Harris v. Thompson*, 698 F.3d 609, 622 (7th Cir. 2012) (quoting 28 U.S.C. § 2254(d)(1) & (2)). A state court has unreasonably applied clearly established federal law when the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *United States ex rel. Hampton v. Leibach*, 347 F.3d 219, 245 (7th Cir. 2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 407–08 (2000)).

## SUMMARY OF THE ARGUMENT

The Indiana Court of Appeals and the district court both reached the wrong result in denying Crowell's habeas petition. Although neither court definitively

addressed the *Strickland* performance prong, counsel's performance in the case was certainly constitutionally deficient for failing to advise Crowell of the statute of limitations defenses available to him. Six of the thirteen charges against him were indisputably time-barred and counsel never advised Crowell of that fact or raised it in his defense. This included one Class B felony charge to which he eventually pleaded guilty. This deficient performance clearly prejudiced Crowell in that, as he states in his habeas petition, he would not have pleaded guilty to a time-barred charge and would have gone to trial. This district court ignored Crowell's statement regarding trial and focused its analysis instead exclusively on the aggregate terms of years Crowell would have received had he been convicted of all time-barred charges, been given the maximum aggregate sentence for each charge, and been given consecutive sentences with respect to all charges – all of which the court deemed to be foregone conclusions. Because counsel provided ineffective assistance under the Strickland standard, Crowell's habeas petition should be granted.

## ARGUMENT

The rule of *Strickland v. Washington*, 466 U.S. 668 (1984), has been "clearly established" for more than three decades. *Hampton*, 347 F.3d at 245; *see also, e.g.*, *Jones v. Zatecky*, 917 F.3d 578, 581–83 (7th Cir. 2019) (state court's determination of no *Strickland* ineffective assistance was unreasonable). Under *Strickland*, defense counsel's performance was constitutionally ineffective if it fell below an objective standard of reasonableness and prejudiced the defendant as a result. 466 U.S. at 687–88. The "performance prong" requires a petitioner to show that trial counsel "made

15

errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Hampton*, 347 F.3d at 246 (quoting *Strickland*, 466 U.S. at 687). The "prejudice prong" requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694 (defining "reasonable probability" as "a probability sufficient to undermine confidence in the outcome").

The right to effective assistance of counsel extends to plea bargaining. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To establish prejudice in this context, a defendant must show that "the outcome of the plea process would have been different with competent advice." *Id*. at 163. The prejudice prong hinges on whether there is a reasonable probability that, but for counsel's error, the defendant would not have pleaded guilty but would have insisted on going to trial. *Lafler*, 566 U.S. at 163.

As shown below, this Court's precedent and decisions from other Circuits confirm that Crowell was denied effective assistance when his counsel failed to advise him that six of the thirteen counts with which he was charged were time-barred, failed to raise a statute of limitations defense, and ultimately recommended a plea agreement that included one of the time-barred charges. Had he been properly advised of the statute of limitations defense, Crowell would have gone to trial.

**I.    This Court's precedent warrants reversal and remand under *Strickland* because counsel failed to raise statute of limitations defenses that prejudiced Crowell.**

      **A. Counsel's performance fell below the objective standard of reasonableness required by *Strickland*'s "performance prong."**

This Court has consistently held that counsel's failure to advise a defendant of possible defenses, such as the statute of limitations, falls below the objective standard of reasonable performance required by *Strickland*. *See, e.g.*, *Jones*, 917 F.3d at 582; *Shaw v. Wilson*, 721 F.3d 908, 915-18 (7th Cir. 2013).   Here, the PCR Court recognized that Crowell identified "a genuine illusory threat in the form of the [time-barred counts]" but denied post-conviction relief because he had not shown prejudice by his "attorney's failure to give him accurate advice." A165; A184. This finding was not disputed by the Indiana Court of Appeals or the district court, both of which declined to address the issue of counsel's ineffective performance. Crowell's arguments on appeal are consistent with the many cases from this Court finding that counsel's performance fell below the constitutional minimum.

The record as to Crowell's statute of limitations defense is clear and undisputed. Crowell was charged by the State of Indiana with thirteen counts following the allegations his daughter reported to police in 2014. A002. When Crowell was charged, and at all times thereafter, six of those thirteen counts—Counts V-VIII and XII-XIII—were undeniably barred by the statute of limitations. A182.[2] Counsel never raised an affirmative defense—whether statute of limitations or otherwise—at any point while he served as Crowell's attorney.

---

[2] As the PCR Court noted "the offenses charged in those counts (i.e., sexual misconduct with a minor as Class B and C felonies, and child molesting as a Class C felony) were alleged to have occurred no later than 2007" and "[i]n 2007, the statutory limitation period for filing those charges was five (5) years." A182. When the charges were filed in September 2015, therefore, "the statute of limitations that was in effect at the time of the offenses had run." A182.

As discussed, Crowell pleaded guilty the day before trial was set to begin. A211-12. The guilty plea included Counts I, V, and IX. But counsel never informed him that Count V—the Class B felony to which he pleaded guilty—was time-barred by the statute of limitations and never raised that defense with the prosecution. A182. Nor did he inform Crowell or the prosecution that five of the "dismissed" counts had been time-barred as well. *Id*. To paraphrase precedent, the statute of limitations for these six counts was the "plain text of Indiana law," and "created a real opportunity for [Crowell's] defense." *Jones*, 917 F.3d at 582. Counsel was constitutionally deficient for failing to pursue these defenses and encouraging a guilty plea that included a time-barred charge.

This Court has consistently found counsel's performance to be constitutionally deficient under similar circumstances. In *Jones v. Zatecky*, for example, this Court addressed whether counsel was ineffective for failing to object to an untimely amendment to Jones's pending charges. *Id*. The amendment was unquestionably made beyond Indiana's statutory limit, and Jones's trial counsel did not raise any objection. While the charge included in the amendment was not the only charge against Jones, this Court found that Jones "had a strong argument for dismissing one of the charges against him," and his trial counsel failed to pursue it. *Id*. Declining to excuse "an attorney's failure to heed the . . . plain text of Indiana law," this Court found that counsel's performance fell "'outside the wide range of professionally competent assistance' required by the Sixth Amendment." *Id*. (quoting *Strickland*, 466 U.S. at 690). According to this Court, "this feature of Indiana law created a real

18

opportunity for Jones's defense, but counsel let it slip away." *Id*. The Court concluded that "counsel's performance fell below the constitutional minimum, and that the Indiana appellate court's conclusion otherwise was an unreasonable application of Supreme Court precedent." *Id*. (citation omitted).

A few years earlier, this Court addressed the same provision in Indiana law prohibiting amendments to the charging documents after a statutorily prescribed limit. *Shaw*, 721 F.3d 908. Trial counsel had objected to the amendment, but the district court granted the state's motion to amend. *Id*. at 916. New appellate counsel abandoned the argument on appeal, and, as in *Jones*, this Court concluded that "counsel's performance fell below the constitutional minimum" required by *Strickland*. *Id*. at 915.

This Court has also repeatedly found counsel to be ineffective for misinterpreting state law and providing incorrect advice based on that misinterpretation, even if the state law in question did not allow for an affirmative defense. In *Julian v. Bartley*, for example, trial counsel told a defendant that, if he decided to proceed to trial, he could receive at most a 30-year sentence. *Julian v. Bartley*, 495 F.3d 487 (7th Cir. 2007). Based on this advice, the defendant refused a plea deal that would have given him a 23-year sentence. Counsel, however, had misinterpreted the relevant case law, and the defendant could have actually received up to a 60-year sentence, and, following the trial, did receive a 40-year term. *Id*. at 489-91. This Court determined that counsel's performance was deficient under

*Strickland* and reversed the district court's denial of Julian's habeas petition. *Id.* at 496-500.

In a similar case, *Moore v. Bryant*, trial counsel misinterpreted a change in an Illinois good-time credit statute to be retroactive, which it was not. 348 F.3d 238 (7th Cir. 2003). Based on this misunderstanding, counsel advised the defendant that he would serve only half of a 20-year sentence if he pleaded guilty. *Id.* The defendant then faced a choice of pleading guilty to an effective 10-year sentence or facing a potential 22-to-27-year sentence if he proceeded to trial. *Id.* Based on the applicable state statute, however, the defendant faced only 12.5 to 15 years had he proceeded to trial. *Id.* at 240. This Court affirmed the district court's grant of a habeas petition for ineffective assistance of counsel, finding counsel's performance to be constitutionally deficient. *Id.* at 242. In doing so, the Court held that "[w]here erroneous advice is provided regarding the sentence likely to be served if the defendant chooses to proceed to trial, and that erroneous advice stems from the failure to review the statute or caselaw that the attorney knew to be relevant, the attorney has failed to engage in the type of good-faith analysis of the relevant facts and applicable legal principles, and therefore the deficient performance prong is met." *Id.*

Finally, as previously discussed, neither the district court, Indiana Court of Appeals, nor PCR Court have contended that counsel's performance met the objective standard of reasonableness. The PCR Court based its decision on the prejudice prong alone—noting that the failure to recognize the time-barred counts constituted a "genuine illusory threat,"—and the Court of Appeals and district court followed suit.

A182. In fact, nowhere in either opinion did the Indiana Court of Appeals or the district court address the issue of counsel's performance, despite the fact that Crowell had clearly argued that counsel had been ineffective for failing to raise a statute of limitations defense as to the six time-barred charges. Under the clear precedent of this Court, *Strickland's* deficient performance prong has been met as counsel clearly failed to review the relevant state law regarding the statute of limitations and failed to advise Crowell as to a "real opportunity for [his] defense." *Jones*, 917 F.3d at 582. For this reason, counsel's performance clearly fell "'outside the wide range of professionally competent assistance' required by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 690).

### B. Counsel's deficient performance prejudiced Crowell.

Counsel's constitutionally deficient performance prejudiced Crowell. In the context of a guilty plea, the prejudice prong hinges on whether there is a reasonable probability that, but for counsel's error, the defendant would not have pleaded guilty and would have insisted on going to trial. *Lafler*, 566 U.S. at 163. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The chances of prejudice need be only better than negligible." *Julian*, 495 F.3d at 498. While the likelihood of success at trial is relevant to the prejudice inquiry, *see Hill v. Lockhart*, 474 U.S. 52, 59 (1985), a petitioner's "claim that he would have insisted on going to trial . . . is enough." *Pidgeon v. Smith*, 785 F.3d 1165, 1173 (7th Cir. 2015) (quoting *Ward v. Jenkins*, 613 F.3d 692, 700 (7th Cir. 2010)).

Recently, the Supreme Court clarified that a *Strickland* claim arising out of a guilty plea does not ask "how a hypothetical trial would have played out absent the error." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017). Rather, it turns on whether the defendant, if "properly advised, would have opted to go to trial." *Id*. Therefore, even where a defendant's likelihood of success at trial would be low, he can still show that, absent counsel's error, he would have insisted on trial. *Id*. at 1966–69; *see also DeBartolo v. United States*, 790 F.3d 775, 780 (7th Cir. 2015) ("The probability that he will come out ahead by [opting for trial] may be small, but it is not trivial. He is entitled to roll the dice.").

In the February 18, 2016 hearing in which Crowell moved the state court to terminate his appointed counsel, he made clear that he was "not pleading." A216. To be sure, Crowell ultimately pleaded guilty a few days later. A211-12. But as he indicated in his habeas petition, his decision to do so was a result of the court's denial of his request to terminate counsel. Because the PCR Court ultimately declined to conduct an evidentiary hearing as to Crowell's post-conviction claims, Crowell's only statements regarding whether he would have gone to trial come from his pro se post-conviction filings. These filings do, however, indicate a willingness to go to trial but for counsel's performance. In his Appellant's Brief in the Indiana Court of Appeals, for example, Crowell says that no "reasonable person would voluntarily enter a pea of guilty on a criminal charge they could not be prosecuted for." A153-54. The relief he requests is for the court to "remand for a new trial." A158; A135. In his pro se habeas petition, he clearly states that, had he been properly advised by counsel

regarding the statute of limitations, he "would not have plead to a time-barred count," and "would have went to trial." A043.

As with both the PCR Court and the Indiana Court of Appeals, the district court focused almost exclusively on the fact that, even excluding the time-barred charges, Crowell faced a potential prison term significantly in excess of his plea agreement. A008. Each court, however, only compared Crowell's plea agreement to the aggregate consecutive sentences he would have received had he gone to trial and been found guilty on all seven non-time-barred charges. A004; A121; A166-67. As the PCR Court noted, the four non-time-barred Class A felonies with which he was charged were punishable by imprisonment of 20 to 50 years, with an advisory sentence being 30 years. A166. The one non-time-barred class C felony was punishable by imprisonment of two to eight years, with an advisory sentence of four years. *Id*. The two non-time-barred Level 5 felonies were punishable by imprisonment of one to six years, with an advisory sentence of three years. *Id*. The PCR Court concluded that Crowell faced a maximum aggregate sentence of 220 years on these charges, with advisory sentences amounting to 130 years and minimum sentences amounting to 86 years. *Id*. The PCR Court further noted that, under the good-time credit law in effect at the time, Crowell's sentencing exposure ranged from 42 to 110 years. *Id*. The PCR Court stated that concurrent sentences would "not have been found appropriate" and therefore concluded that his plea agreement saved him between 31 and 98 years in prison. A166-67.

Based on this calculation of years alone, and the determination that consecutive sentences (unlike the concurrent sentences in Crowell's plea agreement) would be automatically imposed, the PCR Court found that Crowell had not shown that he was prejudiced by counsel's failure to advise him of the time-barred charges. A167. The Indiana Court of Appeals simply quoted the PCR Court's opinion in full and stated that he had "advanced no special circumstances to support a claim" that he would have gone to trial if advised differently, given that he faced an "aggregate sentence of 220 years." A121. The Indiana Court of Appeals cited only this maximum, consecutive, aggregate sentence. *Id*. The district court did not address the calculation of potential sentences, stating only that he faced a potential prison term of 110 years—the maximum, consecutive, aggregate sentence, accounting for the statutory good-time credit available at the time. A110. No court allowed for any analysis of sentencing consideration aside from aggregating total exposure, and neither the Indiana Court of Appeals nor the district court acknowledged the possibility that Crowell faced anything less than a life sentence if convicted. And of course all courts assumed that Crowell would be found guilty on all non-time-barred counts and be given consecutive sentences.

The district court went even further, devoting much of its analysis to the merits of the State's case. A008-09. The court first indicated surprise that Crowell's appointed counsel was even able to obtain his plea agreement given the strength of the State's case on the non-time-barred claims. A008. The court noted that Crowell's daughter testified at his sentencing hearing and would have provided the same

testimony at his trial. *Id*. The court also pointed to a lack of "exculpatory evidence casting doubt on Mr. Crowell's guilt." *Id*. Finally, the court criticized Crowell's argument—raised not with the benefit of counsel but in his pro se PCR Petition—that his daughter's prior allegations would have impeached her possible trial testimony, noting that, not only would they likely not be admitted into evidence, but that they would have only supported the allegations raised in her current testimony. A008-09. Even though no trial was conducted, the district court assumed that Crowell would have been found guilty of all timely charges brought against him and would been given effectively the maximum sentence. Not only does this reasoning turn the presumption of innocence on its head, it is simply not the standard this Court and the Supreme Court have applied when addressing the prejudice prong of claims brought under *Strickland*. *Lee*, 137 S. Ct. at 1965 ("When a defendant alleges his counsel's deficient performance led him to accept a guilty plea rather than go to trial, we do not ask whether, had he gone to trial, the result of that trial 'would have been different' than the result of the plea bargain.") (citation omitted).

To be sure, a court may consider the likelihood of success at trial, *Hill*, 474 U.S. at 59, but a *Strickland* claim arising out of a guilty plea does not ask "how a hypothetical trial would have played out absent the error." *Lee*, 137 S. Ct. at 1965. The inquiry turns instead on whether the defendant, if "properly advised," would have foregone the guilty plea and "opted to go to trial"—even if the defendant's likelihood of success at trial would be low. *Id*. The district court ignored Crowell's statements in his pro se habeas petition that, had he been properly advised about the

statute of limitations defense, he "would not have plead to a time-barred count," and he "would have went to trial." A043. The district court, and the Indiana Court of Appeals, further ignored the possibility that Crowell faced anything less than a life sentence. Even if Crowell's chance of success at trial was small, and his potential sentence exposure was higher than his guilty plea, as this Court has previously stated, he was "entitled to roll the dice." *DeBartolo*, 790 F.3d at 780.

Finally, the district court's emphasis that Crowell's plea agreement purportedly was favorable—even suggesting that it was *surprisingly* favorable—is no basis to reject Crowell's claim of prejudice as a matter of law. As this Court has stated "a defendant who foregoes trial in favor of a plea deal based on incorrect advice can still show prejudice even if the terms of the plea are highly favorable." *Pidgeon*, 785 F.3d at 1173. While "[t]he terms of a plea deal are admittedly relevant in assessing the credibility of a petitioner's claim that he would have gone to trial had he received correct information at the plea bargaining stage . . . [a petitioner] can show prejudice even if he got a 'good deal'—that is, even if his expected sentence at trial (probability of conviction times the length of incarceration if convicted) was greater than what he received in a plea deal." *Id*. Ultimately, "[t]he correct prejudice inquiry is not whether he would have been better off going to trial, but whether he would have elected to go to trial in lieu of accepting a plea." *Id*.  Neither the PCR Court, the Indiana Court of Appeals, nor the district court ever conducted this prejudice inquiry, despite Crowell's repeated statements that he would not have pleaded guilty to a time-barred charge.

## II.    Other Circuits similarly hold that a failure to raise affirmative defenses constitutes ineffective assistance under *Strickland.*

Decisions from other Circuits support Crowell's argument that he was denied effective assistance under *Strickland* by counsel's failure to raise the statute of limitations defense on six of the thirteen charges against him.

In the Fourth Circuit, for example, a habeas petitioner argued that counsel was ineffective for advising him that his charge was not subject to a justification defense when such a defense was available and may have been successful at trial. *United States v. Mooney*, 497 F.3d 397, 401 (4th Cir. 2007). The petitioner contended he would not have pleaded guilty had he known about the availability of the defense. *Id*. The Fourth Circuit agreed, finding first that counsel's performance was deficient, with counsel having provided "erroneous legal advice result[ing] from a failure to conduct the necessary legal investigation." *Id*. at 404. The court determined that the petitioner was prejudiced by this deficient performance crediting the fact that "he stated [that he would have proceeded to trial] under oath in his [habeas petition]." *Id*. at 405. The instant case presents an even more pronounced example of ineffective assistance because, unlike *Mooney* in which the issue was a potential defense at trial, here counsel failed to investigate the statute of limitations for the counts with which Crowell was charged, which undisputedly applied and would have barred the charges.

Likewise, the Second Circuit found counsel to be ineffective for failing to inform a defendant about a statute of limitations defense. In *United States v. Hansel*, a defendant, albeit without a plea agreement, pleaded guilty to eight counts, two of which were time-barred. 70 F.3d 6 (2d Cir. 1995). The Second Circuit held that

27

"Hansel's counsel was . . . ineffective under *Strickland*" and that "[his] right to counsel was thereby impaired." *Id*. at 8.

The Ninth Circuit affirmed the district court's granting of a habeas petition based on ineffective assistance of counsel for advising the petitioner to plead guilty and forego a double-jeopardy defense he likely would have been able to raise at trial successfully. *Anderson v. Neven*, 797 F. App'x 293, 294–95 (9th Cir. 2019). As in *Mooney*, the defense in question was only likely to succeed at trial, and not a complete bar to the charge in question, as here.

Consistent with this Court's decisions, these Circuits agree that counsel's failure to raise an affirmative defense, including a statute of limitations defense, constitutes ineffective assistance of counsel if, as here, the defendant otherwise would not have pleaded guilty but would have insisted on going to trial.

# CONCLUSION

For these reasons, this Court should reverse the decision below and remand the case to the district court with instructions to grant Crowell a writ of habeas corpus.

Respectfully submitted:

/s/ Patrick J. Bannon
Patrick J. Bannon
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166

Charles B. Klein
WINSTON & STRAWN LLP
1901 L Street NW
Washington, D.C. 20036
(202) 282-5000
(202) 282-5100
cklein@winston.com

*Attorneys for Petitioner-Appellant Ray O. Crowell, Jr.*

Dated: December 23, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the typeface requirements of Circuit Rule 32(b) and the type-volume limitations of Circuit Rule 32(c). The text and footnotes are printed in proportionally spaced 12-point Century Schoolbook type. According to the word-count function of Microsoft Word 2021, the brief contains 6,104 words.

*/s/ Patrick J. Bannon*

Dated: December 23, 2022

## CERTIFICATE OF SERVICE

I certify that on April 8, 2019, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that the following counsel of record will be served electronically (*see* Cir. R. 25(d)):

> Jesse R. Drum
> Office of the Indiana Attorney General
> 302 W. Washington Street
> Indiana Government Center South, Fifth Floor
> Indianapolis, Indiana 46204
> (317) 234-7018
> jesse.drum@atg.in.gov
>
> *Counsel for Appellee Mark Sevier*

I further certify that, in compliance with this Court's forthcoming order, I will transmit to the Clerk 15 copies of the brief and 10 copies of the appendix.  *See* Cir. R. 31(b).

 */s/ Patrick J. Bannon*

Dated:  December 23, 2022

No. 21-2416

# In the United States Court of Appeals for the Seventh Circuit

———————

RAY O. CROWELL, JR.,
PETITIONER-APPELLANT,

*v.*

MARK R. SEVIER,
RESPONDENT-APPELLEE.

———————

*APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION*

*CASE NO. 1:20-CV-01450-RLY-MJD
THE HONORABLE RICHARD L. YOUNG*

———————

## PETITIONER-APPELLANT'S SHORT APPENDIX [Vol. I, A1-12]

CHARLES B. KLEIN
WINSTON & STRAWN LLP
1901 L STREET NW
WASHINGTON, D.C. 20036
(202) 282-5000

PATRICK J. BANNON
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700

*Attorneys for Petitioner-Appellant*

## CERTIFICATE OF COMPLIANCE

Under Circuit Rule 30(d), I certify that all materials required by Circuit Rule 30(a) and (b) are included in the appendix.

*/s/ Patrick J. Bannon*

Dated: December 23, 2022

## CERTIFICATE OF SERVICE

I certify that on December 23, 2022, I electronically filed the foregoing appendix with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that the following counsel of record will be served electronically (*see* Cir. R. 25(d)):

> Jesse R. Drum
> Office of the Indiana Attorney General
> 302 W. Washington Street
> Indiana Government Center South, Fifth Floor
> Indianapolis, Indiana 46204
> (317) 234-7018
> jesse.drum@atg.in.gov
>
> *Counsel for Appellee Mark Sevier*

I further certify that, in compliance with this Court's forthcoming order, I will transmit to the Clerk 15 copies of the short appendix (bound with the brief) and 10 copies of the rest of the appendix. *See* Cir. R. 31(b).

    /s/ *Patrick J. Bannon*

Dated: December 23, 2022

**PETITIONER-APPELLANT'S APPENDIX**
**TABLE OF CONTENTS**

**Page**

**Vol. I. – Short Appendix [A1-12]**

Judgement (ECF 17) .................................................................1

Memorandum Opinion (ECF 16) ...........................................2

**Vol. II – Appendix [A13-231]**

District Court Docket .............................................................13

Certificate of Appealability (7th Cir. ECF 8) .....................17

Notice of Appeal .....................................................................18

Petition for Writ of Habeas Corpus ....................................34

District Court Order Denying Summary Judgment ...........51

Petitioner-Appellant Brief in Support of Motion for Summary Judgment .............52

Petitioner-Appellant Reply in to Return to Order to Show Cause ......................65

Indiana Supreme Court Order Denying Petition to Transfer ...........................85

Petitioner-Appellant Petition to Transfer .........................86

Indiana Court of Appeals Order Denying Petition for Rehearing ......................101

Petitioner-Appellant Petition for Rehearing Indiana Court of Appeals ..............102

Indiana Court of Appeals Memorandum Decision............114

Petitioner-Appellant Indiana Court of Appeals Reply Brief............128

Petitioner-Appellant Indiana Court of Appeals Brief.......138

Docket for Post-Conviction Appeal ..............................................................169

Indiana Superior Court (Allen County) Findings of Fact and Conclusions of Law.177

Petition for Post-Conviction Relief ..............................................................186

Post Conviction Chronological Case Summary ...............................................189

Guilty Plea Hearing ................................................................................. 196

Plea Agreement ........................................................................................211

Miscellaneous Motions Hearing ..................................................................213

Trial Court Chronological Case Summary ....................................................224

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RAY O. CROWELL, JR.,                    )
                                        )
                    Petitioner,         )
                                        )
            v.                          )        No. 1:20-cv-01450-RLY-MJD
                                        )
MARK SEVIER,                            )
                                        )
                    Respondent.         )

## FINAL JUDGMENT

The petition for a writ of habeas corpus is **DENIED** and the action is **DISMISSED WITH**

**PREJUDICE**.


Date:    7/06/2021

Roger A.G. Sharpe, Clerk                      RICHARD L. YOUNG, JUDGE
United States District Court                  United States District Court
                                              Southern District of Indiana


By:  Deputy Clerk



Distribution:

RAY O. CROWELL, JR.
259697
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Caryn Nieman Szyper
INDIANA ATTORNEY GENERAL
caryn.szyper@atg.in.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RAY O. CROWELL, JR.,            )
                               )
              Petitioner,      )
                               )
       v.                      )        No. 1:20-cv-01450-RLY-MJD
                               )
MARK SEVIER,                   )
                               )
              Respondent.      )

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Ray Crowell has filed a habeas petition challenging his convictions for child molesting, sex with a minor, and incest under Indiana Case No. 02-D06-1509-FA-11. His convictions and 24-year prison term were entered pursuant to a guilty plea. In exchange, Indiana dismissed several other counts, and Mr. Crowell avoided a possible *de facto* life sentence. He now argues that he received ineffective assistance of trial counsel because his sex with a minor conviction and five of the dismissed charges were barred by the statute of limitations. He also argues that trial counsel had a conflict of interest and failed to investigate or interview witnesses. For the reasons explained below, Mr. Crowell's habeas petition is **DENIED**.

**I.**
**BACKGROUND**

Mr. Crowell began sexually assaulting his biological daughter in 2003, when she was 11 years old. *See* Manual Filing at dkt. 9 (Appellee's Appendix Vol. II, p. 29). This went on twice a week for the next 10 years. *Id.* In 2010, she told the police that her father was assaulting her, but they dropped the investigation when she did not follow-up with a detective. *Id.* She reported these assaults again in 2014, after Mr. Crowell took her to a hotel, got her drunk, and had sex with her for the first time in over a year. *Id.* The 2014 allegations led to his arrest and prosecution.

Mr. Crowell was charged with 13 counts of sex offenses against his daughter. *Id.* at 2-26.

He pleaded guilty to Count I, child molesting; Count V, sex with a minor; and Count IX, incest.

*Id.* at 33-36. For child molesting, he received a 24-year prison term and 6 years suspended. *Id.*

For sex with a minor, he received a concurrent 20-year prison term. *Id.* For incest, he received a

concurrent 8-year prison term. *Id.* All other counts were dismissed. *Id.* If Mr. Crowell receives all

his good-time credit, he will be released after 12 years. Dkt. 8-7, p. 8. At the time of his guilty

plea, Mr. Crowell was 44 years old. (Appellee's Appendix Vol. II, pp. 3, 33-36).

Mr. Crowell filed a petition for post-conviction relief, claiming that he received ineffective

assistance of trial counsel. Manual Filing at dkt. 9 (Appellant's Appendix Vol. II, pp. 27-39).

He claimed counsel was ineffective because his sex with a minor conviction and 5 of the dismissed

charges were time-barred. Dkt. 8-7, pp. 6-8. These offenses allegedly occurred before September

2007. *Id.* At the time, the statute of limitations was 4 years and expired by September 2011. *Id.*

Although Indiana later extended the statute of limitations for these types of offenses to a minimum

of 10 years, Mr. Crowell's charges were already time-barred and could not be resurrected by

statute. *Id.* (citing *Stogner v. California*, 539 U.S. 607, 609 (2003) (extension of statute of

limitations for offenses that are already time-barred violates the *Ex Post Facto* Clause)). Thus,

Mr. Crowell argued, his guilty plea agreement was premised on the illusory promise that

potentially viable charges would be dismissed. Dkt. 8-7, pp. 6-8.

Mr. Crowell also claimed counsel was ineffective due to a conflict of interest. *Id.* at 9-11.

Counsel had informed Mr. Crowell that his wife and son were working with the prosecution, which

Mr. Crowell believed was meant to put pressure on him to plead guilty. *Id.* When he brought this

"conflict" to the trial court's attention and requested a different public defender, the court denied

the request, in part, because trial was only a week away. (Appellant's Appendix Vol. II, p. 59).

2

Mr. Crowell's wife and son did not submit affidavits in the post-conviction proceedings. There is no evidence that counsel's representation about them was untrue.

The post-conviction court denied Mr. Crowell's petition. *Id.* at 18-26. The court reasoned that he did not demonstrate prejudice because there was no evidence that he would have declined the guilty plea if he had known that some of the charges were time-barred. *Id.* at 6-8. The court also reasoned that he failed to establish any weaknesses in the State's case and that he received a substantial benefit by pleading guilty. *Id.* Excluding the time-barred charges, he faced a potential prison term of up to 110 actual years—effectively a life sentence. *Id.* The court also ruled there was no conflict of interest or prejudice resulting from counsel's representation that Mr. Crowell's wife and son were working with the prosecution. *Id.* at 5-6.

The Indiana Court of Appeals affirmed. Dkt. 8-7. The court reasoned that Mr. Crowell's claim regarding the time-barred charges failed because he did not advance "special circumstances to support his claim that, had [counsel] advised him differently, [he] would have rejected the plea agreement." *Id.* at 8. Thus, the court found that Mr. Crowell did not establish that he was prejudiced by counsel's performance. The court also ruled that there was not a conflict of interest disqualifying counsel from representing Mr. Crowell and that Mr. Crowell did not demonstrate prejudice in this respect. *Id.* at 9-11.[1]

The Indiana Supreme Court denied Mr. Crowell's petition to transfer. Dkt. 8-3, p. 7. He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[1] In his amended post-conviction petition, Mr. Crowell also claimed that counsel was ineffective for failing to investigate or interview witnesses. (Appellant's Appendix Vol II, pp. 66-69). He did not raise this issue in his appeal to the Indiana Court of Appeals or in his petition to transfer to the Indiana Supreme Court. *See* Manual Filing at dkt. 9 (Amended Appellant's Brief); dkt. 8-9. On appeal, he argued that the post-conviction Court erred by failing to hold an evidentiary hearing, but he has not raised that issue in his habeas petition. (Amended Appellant's Brief, pp. 19-20); *see generally* dkt. 1. As explained in Part III of this Order, Mr. Crowell's abandonment of these claims prevents the Court from considering them on habeas review.

**II.**
**LEGAL STANDARD**

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") directs how the Court must consider petitions for habeas relief under § 2254. "In considering habeas corpus petitions challenging state court convictions, [the Court's] review is governed (and greatly limited) by AEDPA." *Dassey v. Dittmann*, 877 F.3d 297, 301 (7th Cir. 2017) (en banc) (citation and quotation marks omitted). "The standards in 28 U.S.C. § 2254(d) were designed to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under law." *Id.* (citation and quotation marks omitted).

A federal habeas court cannot grant relief unless the state court's adjudication of a federal claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey*, 877 F.3d at 302. "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision[.]"

*Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (citation and quotation marks omitted). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. "The issue is not whether federal judges agree with the state court decision or even whether the state court decision was correct. The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey*, 877 F.3d at 302. "Put another way, [the Court] ask[s] whether the state court decision 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103). "The bounds of a reasonable application depend on the nature of the relevant rule. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Schmidt v. Foster*, 911 F.3d 469, 477 (7th Cir. 2018) (en banc) (citation and quotation marks omitted).

### III.
### DISCUSSION

The petition raises three issues: (1) whether counsel was ineffective for failing to advise Mr. Crowell that one of his convictions and five of his dismissed charges were time-barred; (2) whether counsel created a conflict of interest when he told Mr. Crowell that his wife and son planned to testify against him; and (3) whether counsel was ineffective for failing to investigate.

### A.  Ineffective Assistance of Counsel Standard

A criminal defendant has a right under the Sixth Amendment to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed on a claim that counsel was ineffective, a petitioner must show (1) that counsel's performance "fell below an objective standard of reasonableness" and (2) "that the deficient performance prejudiced the defense." *Id.* at 687−88. Where the provisions of § 2254(d) apply, courts apply two layers of deference in assessing counsel's performance: "The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

The right to effective assistance of counsel extends to plea bargaining. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To establish prejudice in this context, a defendant must show "that the outcome of the plea process would have been different with competent advice." *Id.* at 163. This requires "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Missouri v. Frye*, 566 U.S. 134, 148 (2012). Courts will not find prejudice unless the defendant alleges "special circumstances that might support the conclusion" that his decision to take the plea was caused by counsel's deficient performance. *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (citing *Hill v. Lockhart*, 474 U.S. 52, 60 (1984)).

The Seventh Circuit has held many times "that a mere allegation by the defendant that he would have insisted on going to trial is not sufficient to establish prejudice." *Bethel v. United States*, 458 F.3d 711, 718 (7th Cir. 2006) (collecting cases). However, prejudice may be established, at least in some circumstances, where counsel's sentencing prediction "was mistaken by a considerable margin." *Id.* at 719; *see also Lee*, 137 S. Ct. at 1967-68 (finding prejudice where

counsel erroneously told the defendant that his guilty plea would not create a risk of deportation, where avoiding deportation was the defendant's central concern).

### B.  Time-Barred Charges

The Indiana Court of Appeals ruled that Mr. Crowell did not demonstrate prejudice from counsel's failure to advise him about the time-barred charges. This was a reasonable interpretation of Supreme Court precedent. Even if counsel had moved to dismiss the time-barred charges, Mr. Crowell still would have faced a potential life sentence. Instead, he entered a plea agreement with a set prison term of 24 years—12 with good behavior. That means he could be released in his mid-50's instead of spending the remainder of his life behind bars.

As a practical matter, counsel's errors likely had very little impact on Mr. Crowell's decision to plead guilty. Although counsel may have miscalculated Mr. Crowell's potential sentencing exposure, this mistake only concerned how many hundreds of years he could have received. Given his age, any discrepancies in his maximum sentence after the first 100 years were unlikely to have any practical impact on the actual time he might have served in prison and, therefore, were unlikely to have made a material impact on his decision to plead guilty.

It is not clear how counsel was able to secure this plea agreement on Mr. Crowell's behalf. The record does not indicate that Indiana's case was weak with respect to the non-time-barred claims. To the contrary, Mr. Crowell's daughter was present at the sentencing hearing and testified about her years-long history of sexual abuse. Manual Filing at dkt. 9 (Appellant's Supplemental Appendix Vol. II, pp. 25-28). Nothing suggests her testimony at trial would have been materially different, nor is there a record of exculpatory evidence casting doubt on Mr. Crowell's guilt.

Mr. Crowell's argument that his daughter's 2010 sexual assault allegations would have impeached her testimony is unpersuasive. For one thing, it is not clear how the prior allegations

could be admitted into evidence. The record does not indicate that his daughter ever recanted, so they would not come in as prior inconsistent statements. *See* Ind. R. Evid. 613. If anything, her allegations from 2010 would show consistency in her statements about what Mr. Crowell did to her when she was a child. The fact that she waited until 2014, when he resumed his predatory sexual advances, to see the investigation through to the end would be unlikely to cause the jury to doubt her testimony.

Finally, the Court notes that Mr. Crowell does not claim that his time-barred conviction for sex with a minor violates the *Ex Post Facto* Clause. Even if he had, he is serving a longer, concurrent sentence for child molesting, and vacating the time-barred conviction would not impact the fact or duration of his custody. *See* 28 U.S.C. § 2254(a) (District courts may only entertain a habeas petition "on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."); *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009) ("It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief.").

The Indiana Court of Appeals reasonably applied Supreme Court precedent on this issue, and Mr. Crowell's request for relief is **DENIED**.

### C.  Conflict of Interest

What Mr. Crowell calls a conflict of interest is really just a disagreement. Counsel told Mr. Crowell that his wife and son (or, put differently, the victim's mother and brother) were working with the prosecution. This is not something that Mr. Crowell wanted to hear, and he asked the court to appoint a different public defender. The court denied this request, and counsel continued to represent Mr. Crowell at the guilty plea and sentencing hearings.

A009

Sometimes, a defense attorney's loyalty is best expressed by offering the client an unvarnished assessment of the evidence against him and his likelihood of success of trial. A defense attorney may advise a client to plead guilty without violating a duty of loyalty or engaging in deficient performance. That appears to be the case here. There is no evidence that counsel was untruthful when he told Mr. Crowell that his wife and son were working with the prosecution. Counsel is presumed to have engaged in competent representation, and Mr. Crowell has not presented evidence to rebut that presumption on this issue.

The Indiana Court of Appeals reasonably applied Supreme Court precedent on this issue, and Mr. Crowell's request for relief is **DENIED**.

### D. Failure to Investigate

Mr. Crowell did not present his failure-to-investigate claim through a complete round of state court review. Although he raised the issue in his petition for post-conviction relief, he abandoned it in his appeal to the Indiana Court of Appeals and in his petition to transfer to the Indiana Supreme Court.

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A).

Mr. Crowell did not exhaust his available state court remedies before raising this issue in his federal habeas petition. He has not presented any evidence or argument to excuse this failure. Even if he had exhausted his state court remedies on this issue, there is no evidence that counsel failed to conduct a reasonable investigation or that a more thorough investigation would have

revealed exculpatory evidence. He has not alleged that the post-conviction court's refusal to set an evidentiary hearing entitles him to expand the record, and the Court's review is limited to the evidence presented in state court. Accordingly, his request for relief on this issue is **DENIED**.

## IV.
## CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability, which will issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1), (c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where a petition is denied on procedural grounds (such as default), the petitioner must also show that reasonable jurists could disagree with that procedural ruling. *Peterson v. Douma*, 751 F.3d 524, 530−31 (7th Cir. 2014).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could conclude that Mr. Crowell is entitled to relief on any of the issues he raised in his petition, or that the Court's procedural default ruling is incorrect. Accordingly, a certificate of appealability is **DENIED**.

## V.
## CONCLUSION

Mr. Crowell's habeas petition is **DENIED**, and the action is **DISMISSED**. His motion to

recognize additional authority, dkt. [14], is **GRANTED to the extent** that the Court reviewed the

cited authority before issuing this Order.

Final judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date:     7/06/2021

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAY O. CROWELL, JR.
259697
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Caryn Nieman Szyper
INDIANA ATTORNEY GENERAL
caryn.szyper@atg.in.gov

11